O’NIELL, J.
This suit was dismissed on an exception of'no cause of action, and plaintiff appeals from the judgment. The petition which the district court held did not' disclose '.a cause of action is as follows, viz:
“The petition of the Interocean .Oil Company, S. A., a corporation organized under the laws of the republic of Mexico, and domiciled at Tampico, Mexico; appearing herein through undersigned counsel, with respect represents:
“(1) That A. C. Ames and Jeff D. Hardin, Jr., residents of the city of New Orleans, state of Louisiana, of the full age of majority, are justly and truly indebted, individually and in solido, unto the Interocean Oil Company, S. A., in the sum of $20,727.03, with legal interest from judicial demapd and costs of this proceeding, for this, to wit:
“(2) That plaintiff is engaged in the business of the purchase and sale of oils produced at the Panuco and Topila fields, on the Panuco river, in the republic' of Mexico; that in this business Mexican crude petroleum oil is concentrated at-these points, where it is delivered into barges to be transported to tanks or terminal stations on the Panuco river, at Tampico, where it is stored, to be subsequently delivered to tank steamers on the seaboard.
“(3) That plaintiff was specially desirous of making a contract for the transportation of this Mexican crude petroleum oil, which it controlled, from these points to plaintiff’s terminal station on the Panuco river, at Tampico, and to that end sought to make a contract with some person or corporation competent to perform the service of barging this Mexican crude petroleum oil.
“(4) That thereupon A. C. Ames, one of the defendants, on March 20, 1916, wrote Mr. R. R. Govin, a large stockholder of the plaintiff company,'and in the said episode acting as its agent, in regard to the obtaining of a contract for the transportation of plaintiff’s oil, representing that he, said A. C. Ames, and the interests represented by him, were possessed of equipment competent to perform the service required by plaintiff, in the transportation of said oil, and expressing his and their desire to enter into a contract for the performance of said work, all of which will more fully appear from the original of said letter now, for better reference, made part hereof and filed herewith, marked Exhibit P-1; the said defendant therein asserting that the barges he possessed were equipped with pumps competent for the handling of this crude petroleum oil, which to be moved must be heated and pumped.
“(5) That thereupon plaintiff, through its agent, R. R. Govin, who was president of the Interocean Oil Company, a South Dakota corporation, controlling a majority of the capital stock of the plaintiff company, advised said A. C. Ames, on March 31, 1916, that he, said Govin, was awaiting a report from a Mr. Wilson, another agent of the plaintiff company, on the subject, all of which will more fully appear from a copy of the letter of said Govin to said Ames, dated March 31, 1916, now ¡made part hereof and filed herewith, marked Exhibit P-2.
“(6) That the said A. C. Ames, defendant, having learned that Mr. A. D. Wilson was examining into the matter of a possible contract between plaintiff and A. O. Ames and associates, wrote A. D. Wilson, March 25, 1916, describing his equipment; that the said A. D.'Wilson examined the equipment designated by- said A. G. Ames, and on March 29, 1916, wrote the said A. C. Ames, who had styled himséif manager of the Petroleum Transportation ■& Trading *341 Company, advising him of what it would bo necessary to do to put the said Ames’ equipment into such shape that it would be competent to perform the service required by plaintiff in the transportation of said oil, and that said A. C. Ames was thereby possessed of all information and knowledge necessary to know just what the business of plaintiff required, all of which will more fully appear from the said letters now made part hereof and filed herewith, marked Exhibits P-3 and P-4.
“(7) That on December 26, 1916, the said A. C. Ames advised plaintiff that he and his associates had their barging equipment arranged to meet the requirements suggested by the said A. D. Wilson and were desirous of entering into a contract with plaintiff for the transportation of its oil, and again, on March 3, 1917, said A. C. Ames similarly advised plaintiff that they were fully equipped and ready to serve plaintiff, as will more fully appear from said letters, now made part hereof and filed herewith, marked' Exhibits P-5 and P-6.
.“(8) That J. D. Hardin, Jr., the other defendant herein, alleged himself to be the president of the Petroleum Transportation & Trading Company, which said Petroleum Transportation & Trading Company was alleged to be the corporation which the said defendants, A. C. Ames and J. D. Hardin, Jr., and their associates had created for the purpose of transporting the oil, and the said J. D. Hardin, Jr., represented by written contract dated April 19, 1917, that he was the president of the Petroleum Transportation & Trading Company; that the said company possessed ‘a river equipment consisting of four barges of 5,000 barrels each, and two barges of 10,000 barrels each, the latter with coils suitable for transporting crude Mexican oil, together with suitable power boats for towing same,’ and he undertook to obligate the Petroleum Transportation & Trading Company to transport oil for the plaintiff from the oil fields at Panuco and Topila to plaintiff’s Tampico station, to an amount of 120,000 barrels per month, at the consideration of 3 cents per barrel, and when said oil was delivered into a steamer at Tampico for the consideration of 4 cents per barrel, all of which will more fully appear from an original of said contract, now for better reference made part hereof and filed herewith, marked Exhibit P-7, which said contract was also signed by A. C. Ames as secretary of said company, and which said prices plaintiff alleges were fair prices for the performance of the said services.
“(9) That plaintiff, relying upon the truthfulness of the representations made by the said A. C. Ames and J. D. Hardin, Jr., that they and' other associates or the said company were, possessed of the equipment' necessary to perform the service required, by plaintiff, and as set forth in the letter of Mr. A. D. Wilson, aforesaid, entered into the contract aforesaid with the Petroleum Transportation & Trading Company and depended upon said company to transport plaintiff’s oil, and plaintiff, by reason thereof, did not make any other contract to insure the transportation of said oil.
“(10) That, as has since developed, the said Petroleum Transportation & Trading Company, the said A. C. Ames and J. D. Hardin, Jr., were not possessed, at the execution of the contract aforesaid, of the equipment necessary to be employed in the service required under said contract, and that although said Petroleum Transportation & Trading Company was placed in default under the contract aforesaid, it has never transported a single barrel of crude Mexican petroleum oil for plaintiff under said contract.
“(11) That by virtue of the failure of the Petroleum Transportation & Trading Company to carry out the contract as aforesaid, plaintiff lias been damaged in the sum of $20,727.63, because, in order to secure the transportation of its crude Mexican petroleum oil, it (plaintiff) was compelled to pay a cost of transportation that exceeded the contract price aforesaid of 3 cents per barrel, by the sum of $20,727.63, and that the defendants, A. C. Ames and J. D. Hardin, Jr., are owing said sum to plaintiff be-ca.use the loss aforesaid was occasioned solely Decause of the misrepresentation of fact made by the said A. C. Ames and J. D. Hardin, Jr., to plaintiff; that from May 10 to December 15, 1917, plaintiff suffered a loss of 4 cents per barrel on 518,037 barrels- of oil, which were transported between said dates by others for account of plaintiff.
“(12) That plaintiff would not have made the said' contract with the said Petroleum Transportation & Trading Company and would not have sustained the loss of $20,727.63, aforesaid, were it not for the misrepresentation made to plaintiff by said A. C. Ames and J. D. Hardin, Jr.; that the said A. C. Ames and J. D. Hardin,-Jr., represented as a fact that they and their associates, in the form of the Petroleum Transportation & Trading Company, were possessed of the equipment necessary to perform the services required by plaintiff in the transportation of crude Mexican petroleum oil; that the said A. C. Ames and J. D. Hardin,Jr., and their associates, in the form of the Petroleum Transportation & Trading Company, are not, were not and never have been possessed of the equipment necessary to perform-the *343 service required by plaintiff in the transportation of crude Mexican petroleum oil; that the Petroleum Transportation & Trading Company is an insolvent corporation; that an untrue statement of fact was represented to plaintiff as a true statement of fact; that the untrue statements of fact represented by- defendants to plaintiff as true were known by defendants to be untrue at the time they represented them to plaintiff as true; that these untrue statements of fact were made by defendants to plaintiff for the purpose of deceiving plaintiff and for the purpose of inducing plaintiff to act upon such untrue statement of facts; that plaintiff, believing said statement of facts to be true and relying thereupon, acted upon the faith thereof and signed the contract aforesaid with the said Petroleum Transportation' & Trading Company and was thereby induced to act to its injury and damage to- the extent of a loss of $20,727.63, aforesaid.
“(13) Plaintiff further represents that it did not learn until about January 12, 191S, of the misrepresentations that had been made to it by said defendants.
■ “(14) Plaintiff further represents that amicable demand has been made of defendants for payment of the amount aforesaid, all without avail, and that said sum is now due and owing.
“Wherefore, the premises considered, plaintiff prays that-A. C. Ames and J. D. Hardin, Jr., be each duly cited to appear and answer herein and after due proceedings had that plaintiff, Interocean Oil Company, S. A., do have and recover of defendants, A. C: Ames and J. D. Hardin, Jr., judgment, individually and in solido, in the full sum of $20,727.63, with legal interest from judicial demand, costs of these proceedings, and all general and equitable relief in the premises.”
[1] Our opinion is that the petition, with the documents annexed thereto and made part thereof, does not disclose a cause of action against the defendants individually, who acted as officers of the Petroleum Transportation & Trading Company, in the transaction complained of. The principal reason why the petition does not disclose a cause of action against the defendants individually is that plaintiff does not allege that the failure of the Petroleum Transportation & Trading Company to carry out its contract was a result of any fact misrepresented by defendants. It is alleged that the Petroleum Transportation & Trading Company and the defendants individually were not, when plaintiff entered into the contract with the Petroleum Transportation & Trading Company, possessed of the equipment necessary to be employed in the service required by the contract; and that defendants and their associates, in the form of the Petroleum Transportation -& Trading Company, are not, were not and never have been possessed of the equipment necessary to perform the service required by plaintiff in the transportation of crude Mexican petroleum oil. It is also alleged that the Petroleum Transportation & Trading Company was put in default under the contract and" has never transported a barrel of crude Mexican petroleum oil for plaintiff under the contract; and that, by virtue of the failure of- the Petroleum Transportation & Trading Company to carry out its contract, plaintiff has been damaged in the sum of $20,727.63. It is plain, therefore, according to the allegations of the petition, that the loss alleged to have been suffered by plaintiff was the result of the 'transportation and trading company’s breach of contract. The action against the defendants individually, however, is not founded upon a breach of contract. It is founded upon alleged fraudulent misrepresentations on their part. If it were alleged that their -misrepresentations were misrepresentations of a fact which subsequently caused the Petroleum Transportation & Trading Company to breach its contract, the petition might disclose a cause of action against the defendants individually for their alleged wrongdoing. We doubt that the petition, with the correspondence annexed, would, even then, disclose a cause of action against the defendants individually, because the correspondence shows that the question of - sufficiency of the transportation equipment was largely a matter of opinion, and that plaintiff was apparently satisfied with the inspection and opinion of *345 plaintiff’s representative, A. D. Wilson. Be that as it may, the petition does not disclose that the failure of the Petroleum Transportation & Trading Company to carry out its contract, which failure is alleged to have been the cause of damage to plaintiff, was caused by or resulted from any fact that is alleged to have been misrepresented by either of the defendants.
[2] Another reason why. the petition does not disclose a cause of action against the defendants individually is that it is not alleged that plaintiff could have contracted with some other person, firm or corporation for the transportation of the crude Mexican petroleum oil at as low a rate as the contract called for, at the time when, it is alleged, plaintiff was fraudulently induced by the defendants individually to enter into the contract with the Petroleum Transportation & Trading Company. In other words, plaintiff is not worse off for having contracted with the Petroleum Transportation & Trading Company than plaintiff would be if' the contract had- not been made, unless plaintiff could have had its crude Mexican petroleum oil transported at as low a rate as that at which the Petroleum Transportation & Trading Company contracted to transport it. ' The damage which plaintiff claims is the differ•ence between the actual cost of transporting the oil and the cost which would have been incurred if the Petroleum Transportation & Trading Company had carried out its contract. That is the measure of damages for which the Petroleum Transportation & Trading Company would be liable for the alleged breach of contract. But that is not the measure of damages for which the defendants individually 'would be liable for having fraudulently induced plaintiff tp enter into the contract. The measure of damages for which the defendants individually -would be liable for having fraudulently induced plaintiff to enter into the contract with the Petroleum Transportation & Trading Company would be the loss suffered by plaintiff, not by the breach of the contract, but for having entered into the contract, if plaintiff could not have made as advantageous a contract, or could not have had the oil transported as economically by some other person, firm or corporation, as the Petroleum Transportation & Trading Company contracted to transport it, plaintiff is no worse off for having entered into the contract which was not carried out than plaintiff would be if the defendants individually had not induced plaintiff to enter into the contract.
The judgment appealed from is affirmed, at appellant’s cost.